UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION


VERNON S. POLK,

      Plaintiff,

v.                                    Case No. 3:23cv10538-AW-HTC

DOCTOR LOPEZ-RIVERA, et al.,

      Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff Vernon S. Polk, proceeding *pro se* and *in forma pauperis*, filed an amended civil rights complaint under 42 U.S.C. § 1983, purporting to assert claims for deliberate indifference to medical needs against multiple Defendants.  ECF Doc. 18.  After reviewing the amended complaint, the undersigned concludes it fails to state a claim against any of the named Defendants and, thus, this case should be dismissed with prejudice.  Additionally, the Court has already given Plaintiff an opportunity to amend the complaint and specifically advised Plaintiff in an earlier order, ECF Doc. 15, that most of his allegations regarding the Defendants are barred by the statute of limitations and those that are within the statute of limitations do not state a claim for deliberate indifference to a serious medical need.  However,

Plaintiff's amended complaint, which changes only the statement of claims and requested relief, fares no better.

## I.    Background

Plaintiff is a convicted state prisoner, who is currently incarcerated at Gulf Correctional Institution.    Plaintiff's amended complaint names seven (7) Defendants, all of whom are employees of various correctional facilities, which housed Plaintiff at some point in the past, and are sued in their individual capacity: (1) Dr. Lopez-Rivera, (2) Nurse V. Myers, and (3) Warden J. Sloan of Okaloosa Correctional Institution ("Okaloosa CI"); (4) Dr. A. Molina, (5) Dr. G. Semple, and (6) Nurse S. Simpson of Blackwater River Correctional Facility ("Blackwater River CF"); and (7) Nurse Rush of Franklin Correctional Institution ("Franklin CI").  The amended complaint, ECF Doc. 18, sets forth the following factual allegations, which are accepted as true for purposes of this Report and Recommendation.[1]

In September 2014, Plaintiff injured his right hand in an attack by another inmate at Okaloosa CI.  An X-ray exam of the injury indicated a "fracture."  On October 9, 2014, Defendant Dr. Lopez-Rivera provided Plaintiff with ibuprofen, extended his low bunk pass, ordered another X-ray exam, and told him he would be

---

[1] The Statement of Facts section of the Amended Complaint restates, verbatim, the Court's description (set out in the order of August 8, 2023, at ECF Doc. 15) of the facts from the original Complaint.  Thus, the Amended Complaint does not alter any of the factual allegations from the original Complaint.

referred for a consultation with an outside specialist. On November 14, 2014, Plaintiff underwent a second X-ray exam, which confirmed his fracture.

In February 2015, Defendant Warden Sloan confiscated Plaintiff's pain medication. Plaintiff requested more pain medication and a renewal of his low bunk pass, but Defendant Nurse Myers and Defendant Dr. Lopez-Rivera denied his request. Between March–April 2015, Plaintiff filed an informal grievance, a formal grievance, and an appeal, but they were all denied.

On November 14, 2015, Plaintiff made a sick call request to inquire about reconstructive surgery. He was seen by Defendant Nurse Myers who gave him pain medication. On November 24, 2015, Defendant Dr. Lopez-Rivera also ordered a third X-ray exam on Plaintiff's hand, and this time, it showed his fracture had healed. Accordingly, Dr. Lopez-Rivera informed Plaintiff he no longer needed to be referred to a specialist, because the mobility in his hand was only slightly limited and "the disfigurement would eventually fade." On November 25, 2015, Plaintiff was transferred to Blackwater River CF.

On March 15, 2017, while at the Blackwater River CF, Plaintiff filed a sick call request. Nurse Zotti (who has not been named as a defendant) gave Plaintiff ibuprofen for his pain and advised him that any additional treatment must be ordered by a doctor. On December 18, 2017, Plaintiff filed another sick call request, and this

time, he was seen by Nurse T.S. (also not named as a defendant), who, too, gave him ibuprofen.

In January and May of 2018, Plaintiff filed two formal grievances, but Defendant Dr. A. Molina denied both. On August 19, 2018, he filed a sick call request and was examined three days later by Defendant Nurse Simpson. Nurse Simpson gave Plaintiff ibuprofen for pain and told him that "misplaced knuckles comes along with fighting."

On July 27, 2019, Plaintiff filed another sick call request, and on July 31, 2019, he was seen by Nurse Simpson again; however, she "acted as if she had never evaluated his hand before." Plaintiff filed a formal grievance on August 13, 2019, but Defendant Dr. G. Semple denied it.

On October 5, 2019, Plaintiff was transferred to Franklin CI. On November 15, 2019, Defendant Nurse Rush saw Plaintiff during sick call. Plaintiff confided in her about the hardships he was experiencing in trying to cope with being handicapped in prison and disclosed to her grievances and civil rights violations. Nurse Rush told Plaintiff he had likely alienated correctional staff and medical personnel by filing grievances, and that he would be afforded adequate medical care at his current institution, if he refrained from filing such complaints. Plaintiff alleges Nurse Rush ultimately reneged on her promise.

Based on the foregoing, Plaintiff claims "[a]ll Defendants were deliberately indifferent to [his] medical needs by failing to provide physical therapy and pain medication for an injury to Plaintiff['s] hand in violation of the Eight[h] Amendment." ECF Doc. 18 at 9. For relief, he requested "[t]o fix deformed hand" which is "going to have to be rebroken to set right as told to me by a specialist." *Id.* He also seeks damages in an amount recommended by the specialist who does the fixing of the hand. *Id.*

## II.   Legal Standard

Because Plaintiff is seeking relief from government employees and is proceeding *in forma pauperis*, the Court must dismiss his amended complaint, or any portion thereof, if it determines it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b); 1915(e)(2)(B) (applying same standard to cases in which a plaintiff is proceeding *in forma pauperis*). To state a claim, Plaintiff must plead factual content which allows the Court to draw the reasonable inference the Defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court must liberally construe Plaintiff's *pro se* allegations, *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972), but conclusory allegations and legal conclusions couched as factual allegations are not entitled to a

presumption of truth. *Iqbal*, 556 U.S. at 681; *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

## III. Discussion

In the amended complaint, Plaintiff takes issue with medical treatment he was provided by various individuals at different institutions over a 5-year period; Plaintiff, however, cannot recover for any conduct that occurred more than four (4) years before he filed the complaint. The Eleventh Circuit has held that Florida's 4-year statute of limitations for personal injury actions, Fla. Stat. § 95.11(3), governs federal § 1983 claims brought in Florida. *See, e.g.*, *City of Hialeah, Fla. v. Rojas*, 311 F.3d 1096, 1103 n.2 (11th Cir. 2002) ("[s]ection 1983 claims are governed by the forum state's residual personal injury statute of limitations, which in Florida is four years"). Plaintiff filed this suit in May 2023; however, all but two of the incidents Plaintiff complains about took place between 2014–2018, more than four (4) years before he filed the complaint.

Thus, Plaintiff's claims against Dr. Lopez-Rivera, Warden Sloan, Nurse Myers, and Dr. Molina fail as a matter of law.[2] *See Lee v. Eleventh Judicial Cir. of Fla.*, 699 F. App'x 897, 898 (11th Cir. 2017) (affirming *sua sponte* dismissal at the

---

[2] Because the claims against these Defendants are barred by the statute of limitations, the Court need not address the issue that they are also improperly joined. *See* Fed. R. Civ. P. 20(a); *Smith v. Warden, Hardee Corr. Inst.*, 597 F. App'x 1027, 1030 (11th Cir. 2015) (affirming dismissal of unrelated claims against ten corrections officers because they arose out of different events occurring on different dates).

screening stage of a § 1983 case that was clearly brought beyond the applicable statute of limitations period). Likewise, Plaintiff cannot recover against Nurse Simpson for the conduct that allegedly took place in August 2018 (even if it was deliberately indifferent). *Id.*

Only the July 2019 incident involving Nurse Simpson and Dr. Semple and the November 2019 incident involving Nurse Rush are within the statute of limitations. However, the facts alleged regarding each incident simply do not state a claim under the Eighth Amendment for deliberate indifference.

To state a claim for deliberate indifference to medical need, Plaintiffs must show: "(1) a serious medical need; (2) the defendants' deliberate indifference to that need; and (3) causation between that indifference and the plaintiff's injury." *Mann v. Taser Int'l, Inc.*, 588 F.3d 1291, 1306–07 (11th Cir. 2009). "[T]he medical need must be one that, if left unattended, poses a substantial risk of serious harm." *Id.* at 1307 (quoting *Farrow v. West*, 320 F.3d 1235, 1243 (11th Cir. 2003)). To show deliberate indifference, a plaintiff must prove: "(1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than gross negligence." *Goodman v. Kimbrough*, 718 F.3d 1325, 1331–32 (11th Cir. 2013) (quoting *Townsend v. Jefferson Cnty.*, 601 F.3d 1152, 1158 (11th Cir. 2010)). Finally, Plaintiff must show his injury was caused by Defendants' alleged wrongful conduct. *See Cooper v. Rogers*, 968 F. Supp. 2d 1121, 1131 (M.D. Ala. 2013).

Here, Plaintiff's allegations fall woefully short. First, Plaintiff has not alleged he suffered from *any* medical need in 2019, much less one that posed a substantial risk of serious harm. To the contrary, by his own account, the only injury referenced in the amended complaint (*i.e.*, his right-hand injury) had sufficiently healed by 2015. Second, Plaintiff has not alleged any facts showing that Nurse Simpson or Nurse Rush disregarded a serious risk of harm to him by conduct that was greater than gross negligence. *See Wade v. McDade*, 67 F. 4th 1363, 1375 (11th Cir. 2023) (granting summary judgment in favor of medical providers where conduct was not more than grossly negligent). Instead, all he alleges is that Nurse Simpson acted like she had not treated him before and Nurse Rush reneged on her "promise." Even assuming that "promise" was to provide him with medical care, nowhere does he state what medical care he needed, why he needed it, or when she denied it to him. Regardless, a dispute over medical treatment, alone, does not rise to the level of a constitutional violation. *See, e.g.*, *Harris v. Thigpen*, 941 F.2d 1495, 1505 (11th Cir. 1991).

Finally, the only allegation Plaintiff makes against Dr. Semple is that the doctor denied his grievance relating to Nurse Simpson. However, "merely denying a grievance without personally participating in the unconstitutional conduct brought to light by the grievance is insufficient to establish § 1983 liability." *Reed v. Santiago*, No. 3:20CV5451/LAC/EMT, 2020 WL 5868214, at *4 (N.D. Fla. Aug.

31, 2020), *report and recommendation adopted*, No. 3:20CV5451/LAC/EMT, 2020 WL 5848678 (N.D. Fla. Oct. 1, 2020) (collecting cases).  Thus, Plaintiff has failed to state a claim against Dr. Semple.

## IV.    Conclusion

After Plaintiff filed his original complaint, ECF Doc. 1, the Court issued an order which described the applicable legal standards, advised Plaintiff the complaint failed to state a claim, and gave Plaintiff an opportunity to submit an amended complaint, ECF Doc. 15.  Plaintiff's amended complaint, however, continues to suffer from the same deficiencies—namely, the factual allegations indicate much of the conduct is outside the statute of limitations and the Defendants' conduct did not rise to the level of deliberate indifference to a serious medical need.  Because Plaintiff has failed to state a viable claim against the Defendants and failed to cure the deficiencies identified in the original complaint through amendment, this case should be dismissed with prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).  *See Brennan v. Comm'r, Ala. Dep't of Corr.*, 626 F. App'x 939, 945-46 (11th Cir. 2015) ("A *pro se* litigant must be given at least one opportunity to amend his complaint before the court dismisses the action with prejudice if it appears that a more carefully drafted pleading would state a claim upon which relief could be granted.").

Accordingly, it is RECOMMENDED:

1.     That this case be DISMISSED WITH PREJUDICE under 28 U.S.C.

§ 1915(e)(2)(B)(ii) due to Plaintiff's failure to state a claim on which relief may be

granted.

2.     That the clerk close the file.

At Pensacola, Florida, this 4th day of October, 2023.

*/s/ Hope Thai Cannon*
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**


NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within
**fourteen (14) days** of the date of the Report and Recommendation. Any different
deadline that may appear on the electronic docket is for the court's internal use only
and does not control. An objecting party must serve a copy of its objections upon
all other parties. A party who fails to object to the magistrate judge's findings or
recommendations contained in a report and recommendation waives the right to
challenge on appeal the district court's order based on the unobjected-to factual and
legal conclusions. *See* 11th Cir. Rule 3-1.