IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

**VERNON S. POLK,**

    **Plaintiff,**

v.                                           Case No. 3:23-cv-10538-AW-HTC

**DOCTOR LOPEZ-RIVERA, et al.,**

    **Defendants.**

_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

Plaintiff Vernon Polk, a state inmate, filed this § 1983 action, contending the several Defendants violated his Eighth Amendment rights by failing to provide adequate medical care. The magistrate judge identified several deficiencies with Polk's complaint but allowed him to file an amended complaint. As the magistrate judge explains, though, the amended complaint does not cure the deficiencies.

The magistrate judge now recommends dismissal. I have considered that report and recommendation (ECF No. 19), and I have considered de novo the issues raised in Polk's objections (ECF No. 20). I have determined the report and recommendation should be adopted, and I now adopt it and incorporate it into this order.

As the magistrate judge explains, much of Polk's claim is barred by Florida's four-year statute of limitations. In his objection, Polk relies on a "continuing wrong" concept (ECF No. 20 at 2), but his complaint alleges discrete actions (or alleged

1

inactions) that took place outside of the limitations period. He cannot salvage a claim by alleging that his medical harms continue. By Polk's logic, a Florida tort plaintiff who suffered permanent injury could sue the tortfeasor and any time. That is not consistent with Florida law. Moreover, the Eleventh Circuit has "limited the application of the continuing violation doctrine to situations in which a reasonably prudent plaintiff would have been unable to determine that a violation had occurred." *Ctr. For Biological Diversity v. Hamilton*, 453 F.3d 1331, 1335 (11th Cir. 2006).

Polk also complains that the magistrate judge raised the statute of limitations (which is an affirmative defense) rather than wait for Defendants to do so. But the magistrate judge identified the issue in the context of screening under § 1915, and "if the district court sees that an affirmative defense would defeat the action, a section 1915(d) dismissal is allowed." *Clark v. State of Ga. Pardons & Paroles Bd.*, 915 F.2d 636, 640 (11th Cir. 1990).

The remainder of Polk's objections are likewise unavailing.

The clerk will enter a judgment that says, "Plaintiff's claims are dismissed for failure to state a claim." The clerk will then close the file.

SO ORDERED on October 30, 2023.

s/ *Allen Winsor*  
United States District Judge